# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                          |     |                          |
| ------------------------ | :-- | ------------------------ |
| ACEION BROWN,            | :   |                          |
|           Plaintiff,     | :   | CASE NO. 3:17-cv-151 (VAB) |
|                          | :   |                          |
|           v.             | :   |                          |
|                          | :   |                          |
| AUSTIN RYAN McGUIGAN,    | :   |                          |
|           Defendant.     | :   |                          |
|                          | :   |                          |

## INIITAL REVIEW ORDER

Aceion Brown ("Plaintiff"), currently incarcerated at Etowah County Detention Center in
Gadsden, Alabama, filed this Complaint *pro se* under 42 U.S.C. § 1983. Mr. Brown's Complaint
was received on February 1, 2017, and his motion to proceed *in forma pauperis* was granted on
February 8, 2017. *See* Compl., ECF Nos. 1; Order, ECF No. 2. Defendant is Attorney Austin
Ryan McGuigan. Mr. Brown alleges that Mr. McGuigan afforded him ineffective assistance
during his criminal trial and seeks a refund of the fees his mother paid on his behalf.

## I.    Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review
prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,
that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a
defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must
assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments
that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v.
Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se

litigants).

Although detailed allegations are not required, this Complaint must include sufficient facts to afford Defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

II.     <u>Allegations</u>

On December 20, 2011, Mr. Brown plead guilty and was convicted in the state of Connecticut Superior Court in Hartford, Connecticut for the offense of sale of controlled substance. Pl.'s Argument, Compl., Ex. A ECF No. 1-2, 1. In March of 2016, Mr. Brown allegedly retained Mr. McGuigan to have his 2011 conviction for sale of a controlled substance vacated. *Id.* at 2. The parties allegedly agreed that Mr. McGuigan would charge $10,000 as a retainer. *Id.* Allegedly, after he received $7,500.00 from Mr. Brown's family members, Attorney McGuigan agreed to begin working on the case. *Id.* In April 2016, Mr. Brown alleges, he asked Attorney McGuigan how long it would take to vacate the conviction. *Id.* Attorney McGuigan allegedly responded that "it will be a ninety day cap." *Id.* Mr. Brown allegedly interpreted Mr. McGuigan's statement to mean "within ninety days it should be done." *Id.* In May and June 2016, Mr. McGuigan allegedly reported progress to Mr. Brown and requested the remainder of the retainer. *Id.* Mr. Brown's family members allegedly provided the remaining $2,500. *Id.* In September 2016, Mr. McGuigan allegedly reported that he had sought to have the conviction vacated in the wrong court and that he had to file a motion in the Connecticut

Appellate Court. *Id.* at 3.

Mr. Brown started to feel "betrayed by Mr. McGuigan" and allegedly began "losing [his] confidence and trust" in the attorney's ability. Pl.'s Argument, 4. He allegedly requested that Mr. McGuigan return the retainer. *Id.* Mr. McGuigan allegedly responded "I already blew through that money, and I'm (now) working for you for free." *Id.* at 4. After the retainer was been paid in full, Mr. Brown alleges, Attorney McGuigan was generally unresponsive to Mr. Brown's requests and has not filed the motion to vacate Mr. Brown's conviction in the Connecticut Appellate Court. *Id.* at 5.

Mr. Brown alleges that Mr. McGuigan has "not held up to his professional responsibilities." Pl.'s Argument, 5. He claims that he has suffered injuries including "splinting headaches, migraines, and severe stress" and requests that the Court order Mr. McGuigan to reimburse his retainer fee. *Id.*

III.    Discussion

To state a section 1983 claim, Mr. Brown must allege that his constitutional or federally protected rights were violated by a person acting under color of state law. A person acts under color of state law when he exercises "some right or privilege created by the State … or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Private attorneys are not state actors. *See Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims."). All claims against Attorney McGuigan are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). If Mr. Brown wishes to file a claim for legal malpractice or breach of contract he

should do so in state court.

However, an otherwise private person, including a private attorney, can act under color of state law if he "engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). A conspiracy claim must be pleaded with specificity. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("We have, of course, repeatedly held that in order to state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations"). A plaintiff must allege "an agreement between a state actor and a private party to act in concert to inflict an unconstitutional injury, and an overt act done in furtherance of the conspiracy that causes the plaintiff damages." *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Mr. Brown alleges no facts suggesting that Attorney McGuigan conspired with any state actor. Thus, this exception does not save his claim.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of July 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

4